# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| VINCENT F. RIVERA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV408-116 |
| GOVERNOR SONNY PERDUE, LT. GOVERNOR MARK TAYLOR, SECRETARY OF STATE CATHY COX, ATTORNEY GENERAL THURBERT BAKER, GEORGIA DEPARTMENT OF CORRECTIONS, SENATOR SAXBY CHAMBLISS, REPRESENTATIVE BOB ELLIS, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has moved to proceed *in forma pauperis* ("IFP") in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Docs. 2, 1.) For the reasons that follow, the Court should **DISMISS** plaintiff's complaint pursuant to 28 U.S.C. § 1915(g).

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under § 1915. In order to proceed IFP, however, prisoners must satisfy § 1915(g), which states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in federal court who has clearly exceeded the "three strikes" permitted by § 1915(g). He has filed over one-hundred cases in federal court and far more than three of those cases have been dismissed as frivolous, malicious, or for failure to state a claim.[1] See Rivera v. Allin, 144 F.3d 719, 731 n.18 (11th Cir. 1998) (Eleventh Circuit affirmed a three-strike count as to Mr. Rivera a decade ago). Accordingly, without a showing of "imminent danger of serious physical injury," plaintiff's complaint should be dismissed without prejudice. § 1915(g).

In order to come within the "imminent danger" exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, 2006 WL 1687752, *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts cannot invoke the § 1915(g) exception. Margiotti v. Nichols, 2006 WL 1174350, *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the

---

[1] Rivera v. FDA, No. CV06-038 (E.D.N.Y. Mar. 14, 2006) (dismissed as frivolous); Rivera v. Eighth Cir. Ct., No. CV99-1808 (S.D. Fla. July 29, 1999) (same); Rivera v. D.O.C., No. CV99-2464 (S.D. Fla. Oct. 28, 1999) (same).

3

imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, 2007 WL 484547, *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, 2006 WL 1640128, *1 (M.D. Fla. June 9, 2006)).

Plaintiff fancifully alleges that the defendants are involved in a national conspiracy to divert agricultural/farming materials from the "prison industrial complex" to Afghanistan for use in the cultivation of the opium poppy. (Doc. 1 at 2.) He contends that the government is involved in poppy farming to give certain U.S. pharmaceutical companies—those which are largely owned by public officials—with an uncompetitive advantage in the production of pain control medication. (Id.) Plaintiff does not allege that this vast conspiracy has placed him in any danger of physical injury. Consequently, he does not qualify for the "imminent danger" exception to § 1915(g).

The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing baseless claims and to exact a penalty when they continue to do so. For the reasons stated above, plaintiff's motion to proceed without prepayment of fees

should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 25th day of June, 2008.

*/s/ JRSmitt*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA